## LADHMAN v. YOUNG.

(Supreme Court, Appellate Term, First Department. February 13, 1914.)

APPEAL AND ERROR (§ 1012*)—REVIEW—FINDINGS—WEIGHT OF EVIDENCE.

In an action for damages for injury to his automobile from a collision with defendant's automobile, where the plaintiff's testimony was entirely irreconcilable with the facts as to the position where the automobiles were found after the accident, a judgment for plaintiff was founded on mistake, and must be reversed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3990–3992; Dec. Dig. § 1012.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Bernard Ladhman against William R. Young, Jr. From a judgment rendered in favor of the plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued January term, 1914, before LEHMAN, PAGE, and BIJUR, JJ.

Charles W. Philipbar, of New York City, for appellant.
James M. Donohue, of New York City, for respondent.

LEHMAN, J. The plaintiff has recovered damages for the injuries to his automobile, caused by a collision with defendant's automobile. The collision occurred in Prospect Park, near the fork created by the division of the main drive into the west and east drives. The plaintiff's chauffeur and a friend of the chauffeur, who was in the car at the time, testify that plaintiff's car was just about to enter the west drive on the right side, going at about 7 miles an hour, when defendant's car approached from the opposite direction, going 35 miles an hour on the wrong side of the road, and without any lamps lit.

After the accident the cars were undoubtedly near the opposite side of the main drive, some 60 feet away from the alleged place of the accident. The plaintiff's car was damaged in front, and on the left, while the defendant's car was damaged only in the rear wheel. Upon a previous trial, this court pointed out that the damage to the rear of the defendant's car was evidence that the accident did not occur as claimed by the plaintiff. On the other hand, the defendant claims that while he was turning from the west drive into the main drive, on

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the right side of the road, the plaintiff's car, approaching from the opposite direction, swerved and struck his left hind wheel. He is corroborated, not only by a passenger, but by the owner of another car, who claims he had just been passed by plaintiff's car going at 20 miles an hour, and also by the testimony of police officers who came up immediately after the accident, and testify to a position of the cars consistent only with defendant's version.

If the judgment were based simply upon an estimate of the comparative credibility of the witnesses, then the decision of the trial justice on the issue of fact should be regarded as final; but inasmuch as the testimony of the plaintiff is, I think, entirely irreconcilable with the physical facts of the position where the automobiles were found after the accident, it is evident that the judgment is founded on mistake, and must be reversed.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.